DOLORES MARTÍNEZ VIUDA DE MIRÓ, demandante y apelante, *v.* RAMÓN ALONSO, demandado y apelado.

No. 4274.—*Visto:* Mayo 31, 1928. *Resuelto:* Junio 28, 1928.

*V. M. Fernández* y *M. Tous Soto,* abogados de la apelante; *José Martínez Dávila,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El 12 de enero de 1925 Dolores Martínez viuda de Miró entabló demanda en la Corte de Distrito de San Juan alegando que cierta finca de sesenta cuerdas situada en Vega Baja era de su propiedad y que el demandado Alonso la poseía desde el 30 de junio de 1916 sin título y contra su expresa voluntad. Pidió que se dictara sentencia condenando al demandado a reivindicar a la demandante en la posesión y disfrute del inmueble, a rendirle cuenta de los frutos producidos o a pagarle determinada cantidad por los mismos y las costas del litigio.

Contestó el demandado alegando:

"Como primera defensa, 1.—Que niega general y específicamente todas las alegaciones de la demanda enmendada.

"Como segunda defensa, 2.—Que la acción ejercitada por la demandante está prescrita a tenor de las disposiciones del artículo 1858 del Código Civil Vigente.

"Como tercera defensa, 3.—Que el demandado es dueño desde 14 de octubre de 1911 de la siguiente finca:

"Rústica: sita en el barrio 'Pugnado Afuera,' término municipal de Vega Baja, compuesto de 60 cuerdas equivalentes a 33 hertáreas, 59 áreas y 43 centiáreas; colindantes por el Norte, con la Sociedad Standard Fruit Co.; por el Sur, Clemente Martínez y Aniano Martínez; por el Este, con la Sucesión de Miguel Rodríguez Sierra y por el Oeste, con Morris Fruit Co.

"4.—Que la descrita finca la viene poseyendo desde la expresada fecha a título de dueño y de buena fe; y la tiene inscrita a su nombre en el Registro de la Propiedad de San Juan, Sección Segunda, al tomo 14 de Vega Baja, folio 162, finca 672, inscripción primera."

Fué el pleito a juicio, ambas partes practicaron prueba y la corte finalmente declaró la demanda sin lugar. En su opinión el juez de distrito declaró probados los siguientes hechos:

"Que la finca que reclama la demandante como suya fué embargada por el Pueblo de Puerto Rico para el cobro de las contribuciones adeudadas por dicha finca y vendida en pública subasta al de-

mandado en el año 1911 desde cuya fecha entró en posesión de ella el demandado Ramón Alonso Dávila; promoviendo más tarde allá por el año 1914 un expediente de dominio de esa finca y de otra más. Este expediente de dominio se siguió por todos sus trámites hasta dictarse la resolución final allá por el mes de septiembre de 1914, declarando justificado el dominio de la finca de 60 cuerdas que se describe en el hecho tercero de la contestación a favor del demandado Ramón Alonso Dávila, y dicha resolución fué debidamente inscrita en el Registro de la Propiedad de San Juan, Sección Segunda.

"Que el demandado posee desde el año 1911 la referida finca, en concepto de dueño quieta, pública y pacíficamente sin interrupción de ninguna clase."

No conforme la demandante interpuso el presente recurso de apelación, alegando como errores la inaplicación del art. 128 del Código de Enjuiciamiento Civil, la aplicación indebida del art. 1858 del Código Civil Revisado y la inaplicación de los arts. 1853, 1854 y 1855 del Código Civil.

Para sostener la existencia de los errores que alega ha presentado la parte apelante un alegato que contiene un amplio e inteligente estudio de la jurisprudencia de la Corte Suprema de España y especialmente de la de ésta de Puerto Rico. De no estar tan sobrecargados de trabajo, seguiríamos a la apelante en su estudio. Pero no podemos proporcionarnos ese placer mental e iremos directamente al fondo de la cuestión.

Puede prescindirse por completo de estudiar y resolver si el demandado alegó o no bien la defensa de prescripción de la acción ejercitada por la demandante citando el art. 1858 del Código Civil en vez del 1864 del propio cuerpo legal. Habiendo el demandado contestado en la forma en que lo hizo, en ausencia de alguna excepción previa o de alguna moción para hacer la contestación más específica pudo válidamente llegar al trámite del juicio y habiendo probado en él de acuerdo con su tercera defensa que tenía un título válido a la finca en cuestión, no puede privársele de la posesión y disfrute en que está, aunque la demandante probara que

también tuvo un título de dominio. No pueden existir a la vez dos dueños de una misma cosa. Si surge un conflicto, tiene que ser resuelto a favor de uno y ese uno es aquí el demandado de acuerdo con los hechos y la ley.

La prueba que aportó la demandante demuestra que allá por el año de 1894 la Sucesión Torres era dueña de la finca en cuestión. Dejó la Sucesión de pagar $10.13 de contribución al Municipio, se le apremió, se embargó la finca, se vendió en pública subasta y la compró por $100.25 Juan Miró casado con la demandante en aquel entonces, fallecido después. Hoy alega la demandante que la finca vale $12,000.

Pasaron los años, llegó el de 1911 y el apremiado fué entonces el adquirente Miró y, como en la ocasión anterior, la finca fué vendida en pública subasta para el cobro de contribuciones adquiriéndola el demandado Alonso, quien acreditó luego su dominio por el medio supletorio que la Ley Hipotecaria otorga a los efectos de inscribirlo en el registro de la propiedad. La sentencia de dominio se dictó el 29 de mayo de 1914 y quedó inscrita el 3 de diciembre del propio año, o sea más de diez años antes de interpuesta la demanda.

Estamos enteramente conformes con la apelante en que un título de dominio acreditado de acuerdo con la Ley Hipotecaria e inscrito en el registro puede anularse y declararse ineficaz, pero cuando a virtud de las pruebas practicadas una corte de justicia declara como aquí declaró la Corte de Distrito de San Juan que la finca "la adquirió el peticionario por compra al Tesoro Insular en pública subasta en virtud de ejecución seguida contra Juan Miró Castañer, quien la adquirió a su vez por remate en virtud de ejecución seguida con la Sucesión Torres" y la sentencia de dominio se inscribe en el registro de la propiedad y permanece inscrita sin alteración por más de diez años durante los cuales el dueño declarado por la sentencia continúa en la posesión como tal, pública y pacíficamente, entonces existe un título de dominio (art. 1858 del Código Civil), procedente en este caso de la

misma demandante y que ésta está por consiguiente en la obligación de destruir demostrando que existe en él algún vicio que lo invalide, antes de que sus pretensiones de volver a la posesión y disfrute de la finca puedan prosperar.

Algo en ese sentido intentó la demandante al introducir cierta prueba tendente a demostrar que los cien pesos que pagó su marido en 1894 eran de ella y por tanto que la finca constituía un bien privativo suyo, pero hemos examinado dicha prueba y no tiene en verdad fuerza suficiente para destruir la presunción de ganancial que la compra hecha por el esposo tenía. Siendo ello así, con el esposo, administrador de la sociedad de gananciales, era con quien válidamente podía tramitarse como se tramitó el expediente sobre venta en cobro de contribuciones adeudadas por la finca al Tesoro Insular. Quizá sea conveniente agregar como una circunstancia que hace aún más justa la sentencia dictada, que al tramitar Alonso el expediente de dominio, Miró se opuso, abandonando luego su oposición.

*Debe confirmarse la sentencia recurrida.*